.SARAH R. BUDD

*v.*

EMMA WILSON et al.

[Filed January 24th, 1901.]

A will in which a testatrix declares that executors shall have power to sell "the property of which I die seized and possessed, and make a perfect title to purchasers thereof, without liability, on the part of the said purchasers, to see to the application of the purchase-money"—*Held*, under the circumstances of this case, to charge the lands with the payment of the legacies.

In partition. On bill, answer, cross-bill and, by special stipulation, the testimony of one witness.

The complainant in this suit for partition files her bill as the grantee of Charles Frederick, one of the heirs-at-law of Catherine Frederick, deceased, claiming to be entitled to one equal undivided tenth part of two separate tracts of land, one in Camden and the other in Burlington county. The complainant makes defendants all the other heirs-at-law and certain legatees under the will of Catherine Frederick and also a judgment creditor of Charles Frederick having a lien on his share. The bill of complaint sets out Catherine Frederick's will in full, and claims that the will did not devise her lands described in the bill, but alleges that the defendants, legatees under her will, claim some interest in those lands. It charges that they

Budd v. Wilson.

have no interest, and prays for the ordinary decree for partition or sale.

Walter M. Frederick and others, who are legatees under Catherine Frederick's will, file their answer, denying that Catherine died intestate, as to the lands in question, and averring that the legacies in Catherine's will are a charge on the said lands. They further deny that Charles Frederick had any interest or title in the lands, and insist that his deed to the complainant is inoperative and void. By cross-bill the defendant legatees ask that their legacies may be decreed to be a charge on the lands in suit.

The cause was heard on bill and answer, save that, by special agreement, a single witness was called to prove the facts that, at the time the will was drawn and at her death, Catherine had substantially no personal property; that she was in debt several hundred dollars, and that the list of legatees included all of her heirs-at-law, except her son Charles Frederick, the grantor of the complainant, and though he was not, his wife and children both were legatees named in the will.

The following is a copy of the will:

"In the name of God, amen—I, Catherine Frederick, of Philadelphia, Pennsylvania, widow, being of sound mind, memory and understanding do hereby make and publish this, my last will and testament in manner following, that is to say:

"*1st.* I give and bequeath to my daughter, Emma Wilson, two hundred dollars ($200), to my daughter, Maura Madiken, two hundred dollars ($200), to my daughter, Clara Shivers, ($250) two hundred and fifty dollars, to my daughter, Kate Carlile, three hundred dollars ($300), to my daughter, Lillie Meckly, two hundred dollars ($200), to my daughter, Annie Williams, three hundred dollars ($300), to my daughter, Ella Lloyd, three hundred dollars ($300), to my son, Walter Frederick, five hundred dollars ($500), to my grandsons, John and Norman Frederick, two hundred dollars ($200) each; to my grandson, Roy Lester Frederick, two hundred dollars ($200), to my daughter-in-law, Annie Frederick, one hundred ($100) to be used for furnishing rooms; to my grandson, W. Wilson Carlile, two hundred dollars ($200), to my son-in-law, W. F. Williams, two hundred dollars ($200).

"*2nd.* I direct that my executor hereinafter named shall have full and complete power of sale of the property of which I die seized and possessed and make a perfect title to the purchasers thereof without any liability on the part of the said purchasers to see to the application of the purchase-money.

---

Budd *v.* Wilson.

---

"*3rd.* I nominate, constitute and appoint my grandson, W. Wilson Carlile, executor of this my last will and testament.

"In witness whereof I have hereunto set my hand this 14th day of June, A. D. 1893.

CATHERINE FREDERICK.

Signed, published and declared by the testatrix as and for her last will and testament in the presence of us, who in her presence and in the presence of each other have hereunto subscribed our names as witnesses.

"ELIZABETH T. WILLIAMS,
"ELLA LLOYD."

*Mr. Henry I. Budd, Jr.,* for the complainant.

*Mr. William J. Kraft,* for the defendants.

GREY, V. C.

The testatrix, Catherine Frederick, from whom all parties claim their interest in the lands in question, was a widow, who died June, 1893, leaving her surviving nine children, of whom Charles Frederick was one, and one grandchild, the progeny of John Frederick, one of her children, who had predeceased her.

An inspection of Catherine Frederick's will shows that there was neither devise of the title to her lands, nor even such express order by the testatrix for their conversion that they can be considered to have been converted into personalty. The title therefore descended to her heirs-at-law.

Charles Frederick was one of those heirs, and received by descent a one-tenth interest in the lands of Catherine. This interest he has conveyed to the complainant, who has thus become the owner of an equal undivided tenth part of the two tracts of land of which Catherine died seized.

The real question in this case is not whether Catherine died intestate of the title to the lands—of that there can be no doubt. The essential dispute is whether she has charged those lands with the payment of the legacies given by her will.

The law makes the personal estate the primary fund from which legacies are payable, and real estate will not be charged unless the intention of the testatrix that it should be so charged is satisfactorily indicated by the language and disposition of

her will.  It appears to be settled in this state that the relations of a testator to his beneficiaries, the character, extent and value of his property, both real and personal, the amount of his debts. and their nature, are all considered as circumstances in view of which the testator must have acted in making his will, which are admissible in evidence in order to ascertain whether his will shows an intent to charge legacies upon his lands.  *Leigh v. Savidge, 1 McCart. 125.*

On the hearing, the person who drew the will was a witness, and repeated, to some extent, the testatrix's statements of intention and inducement to the making of her will.  These declarations are not admissible to aid in ascertaining the meaning of her will, and in arriving at the views hereinafter expressed they have been disregarded.

The cause having been set down for hearing. on bill and answer, the facts set up in the answer are taken to be true. The testimony of the single witness was received by express stipulation between the parties.

From the answer and the testimony it appears that the testatrix was the mother of ten children, of whom nine were living at the time of her death.  All of these were named in her will as legatees, save one son (Charles), who is the grantor of the complainant.  Warford Frederick, the child of the testatrix's deceased son, John, and the children and wife of her son Charles are also named as legatees.  All of those who naturally might claim consideration from the testatrix, save her son Charles, were in her remembrance in making her will, and the wife and children of Charles were not forgotten.  The will was made on June 14th, 1893, and the testatrix died June 30th, 1893.  The making of the will and its speaking effect were substantially coincident.  At the time the will was made, and at her death. the testatrix had not enough personal property to pay the ordinary expenses of a funeral.  She was the owner of the equity of redemption in two lots of land, the total value of which was about $3,300, and she had no other property whatever.

Under these surrounding circumstances she made a will in favor of each of her heirs-at-law, except one, and gave to the wife and children of that one. legacies in excess of those given

to any other of her children.   The total amount of the legacies
is $3,350, while all the testatrix's personalty did not exceed
$50 in value, an amount so small that it is impossible to
believe the testatrix intended it to pay the large amount of
legacies given by the will.

Cases calling for the interpretation of wills are necessarily
somewhat special in their character, inasmuch as each must
depend in a great degree upon the particular language of the
will under consideration.   In seeking the intention of the testa-
tor it must be presumed that he was acquainted with the law
existing when the will was made, and that he made it in con-
templation of those provisions of existing law which are appli-
cable to the dispositions of his will.

There are, on the face of this will, several indications which
throw light upon the testatrix's intentions as to charging her
lands with the payment of her legacies.   In the first place,
that there should be any creation of a power to sell lands and
gift of it to the executor, is an indication that the testatrix had
some expectation that the executor should use the power for
some other purpose than the payment of debts, for the executor
might, at any time, obtain from the courts a power to sell to
pay debts, if the necessities of the estate should require it.
This presumption is more forceful when, in the will creating
the power, there is no express provision for payment of debts, as
in the present case, for it shows that the testatrix had in mind
the use of the power by the executor for the other purposes
which she did express in her will.                                  ,

In *Leigh* v. *Savidge, supra,* the leading case in this state,
there was a creation of a power, but there were, in the expres-
sions of the will and the circumstances of the estate, incidents
which fully rebutted any presumption that the testator intended
the power to be used for payment of legacies.

On the face of the will of Mrs. Frederick there is no ex-
pression of any possible use to which the power could be applied,
other than for the sale of the testatrix's lands for the payment
of her legacies, nor is there, in the circumstances of her estate,
other than the payment of legacies out of the proceeds of sale,
any use to which the executor may apply the purchase-money.

The will does not direct the executor either to pay debts or to divide the proceeds of the sales of the land among residuary legatees. There is neither residuary gift of the proceeds of sale, nor of the title to the lands.

Although there is no express direction to pay legacies from the proceeds of the sale of the lands, the language of the will itself indicates that the testatrix, in creating the power of sale, had in mind the application of her real estate to the payment of her legacies. By her will she gave to her executor a power of sale, and in so doing used words which are apt and proper when authorizing the sale of the lands, but quite unusual and unmeaning when applied to a sale of personal estate. Her language is that the executor "shall have full and complete power of sale of the property of which I die seized and possessed." The property of which the testatrix may "die seized" is real estate.

The will also, in creating a power of sale of the testatrix's property, declared that the executor should have power to "make a perfect title to purchasers thereof, *without any liability, on the part of the said purchasers, to see to the application of the purchase-money."* In using this language the testatrix could not have referred to sales of personal property, for, under the law, in the absence of fraud, there is no liability on the part of a purchaser to see to the application of purchase-money arising from the sale of personal property. *Story Eq. Jur.* § *1129; Eliot* v. *Meryman, 1 White & T. Lead. Cas.* *72.

The rule as to real estate is, that whenever the trust is of a defined or limited nature, the purchaser must see that the purchase-money is applied to the proper discharge of the trust, but whenever the trust is of a general and unlimited nature, he need not see to it. *Story Eq. Jur.* § *1127.* The purchaser is not bound to look to the application of purchase-money to payment of debts generally. *Dewey* v. *Ruggles, 10 C. E. Gr. 35; Story Eq. Jur.* § *1131.* But where the trust to sell real estate is to pay legacies, the rule is that the legacies are ascertained and definite, and the purchaser is bound to see to the application of the purchase-money. *Story Eq. Jur.* § *1132.*

In this case the will does not devise to the executor any title

Budd *v.* Wilson.

to the lands of the testatrix. It does not charge her lands with the payment of debts, but it does bequeath a large number of legacies, and gives to the executor a power of sale of the property of which the testatrix dies seized, and provides that the purchaser, under the power, should not be liable for the application of the purchase-money. Application to what? Not to payment of debts. The testatrix left her creditors to their remedy at law, without any direction for them in her will. This application, contemplated by the testatrix, of the purchase-money of the property whereof she died seized, must be held to be of the purchase-money of her real estate, which was the only property of which she died seized, to the payment of the legacies, for the real estate is the only property for the application of the proceeds of which any purchaser could, by any possibility, become liable. The testatrix thus freed purchasers of her real estate from liability to see to the application of the proceeds of sale of that real estate. This provision of her will could only have been made because the testatrix intended and contemplated a sale of her real estate under the power, to pay her legacies.

This view of this case depends upon the particular language of the testatrix's will, but is not in opposition to the principles declared in *Leigh* v. *Savidge, 1 McCart. 124,* and other cases cited by the complainant's counsel.

I will advise a decree that the testatrix died intestate of the title to her lands, and that the complainant is seized of an equal undivided one-tenth part thereof; that the lands whereof the testatrix died seized are charged with the payment of the legacies set forth in her will, and that the power of sale therein given to the executor may efficiently be used to raise the money needed for that purpose.